# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONWIDE PAYMENT SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Docket no. 09-CV-600-P-S |
| v. | ) ) | |
| JAMES PLUNKETT and PLUNKETT & COMPANY, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON MOTION TO DISMISS AND ISSUE SANCTIONS

Before the Court is "Defendants and Counterclaimants' Motion to Dismiss Plaintiffs & Counter Defendants Complaint and Issue Sanctions" (Docket # 59), which was filed by Defendant James Plunkett, appearing pro se.[1]  The Court hereby DENIES the Motion for reasons briefly explained herein.

First, to the extent the Motion seeks reconsideration of this Court's March 24, 2010 Preliminary Injunction (Docket # 40), the request is denied as meritless and untimely.  Second, to the extent the pending Motion generally seeks dismissal of Plaintiff's claims, the Court finds Plaintiff's Complaint contains sufficient factual allegations and states plausible claims for relief. Notably, the Court previously has concluded that Plaintiff has a substantial likelihood of success on at least some of their claims.  (See Order (Docket # 40) at 8-10.)

---

[1] Given the Defendant's pro se status, the Court has endeavored to read the pending motion and its attachments liberally and to ensure there is no miscarriage of justice.  In short, the Court has avoided "extra procedural swaddling" while remaining mindful that "[a] pro se litigant, like any litigant, is guaranteed a meaningful opportunity to be heard."  Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

The pending Motion includes two requests for attorney's fees. However, the Court would only consider whether attorney's fees can be awarded to either side in connection with either a decision on the merits or a proper motion for sanctions. See Federal Rules of Civil Procedure 37(a)(5) & 54(d)(2). In short, Defendant's request for attorney's fees in the pending Motion is untimely.

Finally, Defendant seeks discovery and sanctions via the pending motion. In response, Plaintiff's counsel has properly noted that Defendant's Motion violates Federal Rule of Civil Procedure 37(a)(1) (by failing to certify that he has conferred in good faith or attempted to confer with Plaintiff regarding the requested disclosure) and District of Maine Local Rule 26(b) ("No written discovery motions shall be filed without the prior approval of a judicial officer. A party with a discovery dispute must confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.") The Court also notes that Defendant's request for sanctions does not comply with Federal Rule of Civil Procedure 11(c)(2).

Defendant has attached a number of exhibits to his Motion, which the Court has reviewed. Some of these exhibits might well be properly considered by the Court in connection with a motion for summary judgment. However, the Court refuses to convert the motion or otherwise apply the summary judgment standard at this time in light of the previously entered stay to the dispositive motion deadline. (See July 30, 2010 Order (Docket # 61).)

In short, the Court finds no proper basis to provide Defendant Plunkett any of the relief sought via the pending Motion. Therefore, the Motion (Docket # 59) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 16th day of September, 2010.