# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONWIDE PAYMENT SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil No. 09-600-P-S |
| JAMES PLUNKETT, et al., | ) ) ) | |
| Defendants | ) | |

## MEMORANDUM DECISION AND ORDER ON
## PLAINTIFF'S MOTIONS FOR SANCTIONS

On July 8, 2010, the plaintiff filed a motion for sanctions against defendants James Plunkett and Plunkett & Company, LLC ("Plunkett & Co.") for their asserted willful refusal to comply with the court's order of June 2, 2010, directing that they respond to outstanding discovery requests by June 25, 2010. *See* Plaintiff's Motion for Sanctions ("First Motion") (Docket No. 54) at 1. On July 23, 2010, the plaintiff filed an emergency motion for sanctions against both defendants for their asserted willful refusal to make themselves available for depositions or otherwise engage in any discovery in the instant action. *See* Plaintiff's Emergency Motion for Sanctions ("Second Motion") (Docket No. 57) at 1. The defendants filed no response to either motion. *See* ECF Docket. For the reasons that follow, I deny both motions as to Plunkett & Co. and grant them in part and deny them in part as to Plunkett.

### I. Applicable Legal Standards

The plaintiff does not specify the basis for its motions for sanctions, but I presume that it means to invoke Federal Rule of Civil Procedure 37. More specifically, the motions implicate Rule 37(b), pertaining to failure to obey court orders, and Rule 37(d), pertaining to failure to

1

attend a party's own deposition, serve answers to interrogatories, or respond to a request for inspection.

Pursuant to Rule 37(b)(2)(A), a court may sanction a party for failure to obey an order to provide or permit discovery by means that include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). The rule directs that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Pursuant to Rule 37(d), a court may impose sanctions including those listed in Rule 37(b)(2)(A)(i)-(vi) for a party's failure to attend its own deposition after being served with proper notice thereof, or to serve answers, objections, or a written response to requests for interrogatories under Rule 33 or requests for inspection under Rule 34 after being properly served with such requests. *See* Fed. R. Civ. P. 37(d)(1)(A) & (3). "Instead of or in addition to

these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). With respect to a failure to attend a deposition, no such certification is required. *See, e.g., Grand Oaks, Inc. v. Anderson*, 175 F.R.D. 247, 250 (N.D. Miss. 1997) ("[T]he good faith certification requirement does not restrict a sanction for a 'failure to appear' for deposition under subsection (1) of Rule 37(d).").

## II. Factual and Procedural Background

The plaintiff filed the instant action on November 24, 2009. *See* Docket No. 1. On January 6, 2010, it filed an amended complaint alleging trademark infringement by both defendants (Count I), violation of the Anti-Cybersquatting Act by defendant Plunkett (Count II), false designation and unfair competition under the Lanham Act by both defendants (Count III), infringement of common law trademark rights by both defendants (Count IV), violation of Maine's Deceptive Trade Practices Act by both defendants (Count V), violation of an independent sales agreement by defendant Plunkett & Co. (Count VI), breach of a loan agreement by defendant Plunkett (Count VII), and unjust enrichment by both defendants (Count VIII). *See* Amended Complaint (Docket No. 7) ¶¶ 50-108. On February 4, 2010, the defendants answered the amended complaint and filed a 15-count counterclaim against the plaintiff. *See*

*generally* Defendants' Answers to Plaintiff's Amended Complaint and Counterclaims Against Plaintiff and Demand for Jury Trial Thereon (Docket No. 14).

On February 8, 2010, the court issued a scheduling order setting, *inter alia*, a discovery deadline of July 12, 2010, a dispositive and *Daubert/Kumho* motion deadline of August 2, 2010, a ready-for-trial date of November 1, 2010, a deadline of June 14, 2010, for the plaintiff to make a written settlement demand upon the defendants, and a deadline of June 28, 2010, for the defendants to respond in writing. *See* Scheduling Order (Docket No. 17). By order dated March 11, 2010, I denied the defendants' request for a 30-day extension of a number of deadlines, including those for discovery and the filing of dispositive and *Daubert/Kumho* motions. *See* Docket Nos. 29, 34.

On March 24, 2010, Judge Singal granted a motion by the plaintiff for a preliminary injunction enjoining the defendants from using either the MUNICIPAY trademark or the web site www.getmunicipay.com until final resolution of the instant action. *See* Order on Motion for Preliminary Injunction (Docket No. 40) at 12.

On June 2, 2010, I held a telephonic conference with counsel to discuss motions filed by the defendants' counsel to withdraw and to suspend the defendants' obligation to respond to discovery until they found replacement counsel. *See* Report of Conference of Counsel and Order ("June 2 Order") (Docket No. 50) at 1. I granted the motion by counsel to withdraw, in part on the strength of counsel's representation that they had advised Plunkett that, if the motion were granted, he could choose to represent himself *pro se* but could not represent the corporate defendant, which would be at risk of default if unrepresented by counsel. *See id*. at 1-2.

I denied the motion to suspend discovery, ordering that (i) the defendants obtain new counsel no later than June 14, 2010, (ii) the defendants respond to the plaintiff's pending

4

discovery requests, namely one set of requests for production of documents, one set of interrogatories, and one set of requests for admissions, no later than June 25, 2010, and (iii) the existing scheduling order remain in place, with the proviso that I would entertain any requests to adjust that schedule once new counsel had appeared or the deadline for said appearance had lapsed. *See id*. at 2. I directed counsel to notify Plunkett of the entry of my order. *See id*. at 3.

On June 18, 2010, the plaintiff filed a motion for entry of default against Plunkett & Co. on the basis that a corporation cannot represent itself *pro se*, and no attorney had entered an appearance on its behalf. *See* Docket No. 51.

On June 28, 2010, John Osborn, counsel for the plaintiff, emailed Plunkett a notice of the taking of his deposition, as well as that of Plunkett & Co., stating that the depositions were scheduled for July 12 but that Osborn also was available on July 9. *See* Exh. B (Docket No. 58-2) to Declaration of John G. Osborn ("Osborn Decl.") (Docket No. 58). In the same email, Osborn notified Plunkett that he intended to move for sanctions on June 30 if he did not receive complete responses to the plaintiff's second set of interrogatories and first set of document requests by noon on June 30, the defendants having failed to submit any response of any kind by June 25, as ordered by the court. *See id*. Osborn again emailed Plunkett on July 2, 2010, asking him to confirm that he had received the June 28 email and attachments. *See* Exh. C (Docket No. 58-3) to Osborn Decl. On July 3, 2010, Plunkett emailed Osborn: "My brother died yesterday morning. I will not be available on either the 9th or the 12th." Exh. D (Docket No. 58-4) to Osborn Decl.

Osborn emailed Plunkett on July 6, 2010, offering to reschedule the depositions if Plunkett consented to an extension of the July 12 discovery deadline for the limited purpose of conducting those depositions. *See* Exh. E (Docket No. 58-5) to Osborn Decl. Osborn offered to

5

conduct the depositions on July 15. *See id*. Within minutes, Plunkett emailed Osborn that the extension was fine but that he was not sure whether he could be available on July 15, given that he was his brother's only next of kin. *See* Exh. F (Docket No. 58-6) to Osborn Decl. The same day, the plaintiff filed a consented-to motion for a limited extension of the discovery deadline to July 26, 2010, solely for the purpose of the taking of the Plunkett depositions. *See* Docket No. 52. I granted that motion, with the proviso that no other scheduling deadlines were altered. *See* Docket No. 53. Osborn emailed Plunkett, offering the following dates for the rescheduling of the depositions: July 15, July 16, July 21, and July 22. *See* Exh. G (Docket No. 58-7) to Osborn Decl.

On July 8, 2010, the plaintiff filed its initial motion for sanctions. *See* First Motion. Osborn emailed Plunkett a copy, notified him that any opposition would need to be filed by July 29, and asked him to let Osborn know as soon as possible whether he was available for the depositions on July 15. *See* Exh. H (Docket No. 58-8) to Osborn Decl. On July 12, 2010, Osborn again emailed Plunkett, stating that, having heard no response to his July 8 email, he presumed that Plunkett was unavailable on July 15 and, therefore, the deposition was set for July 21 at 9 a.m. at the offices of Bernstein Shur. *See* Exh. I (Docket No. 58-9) to Osborn Decl. Osborn stated: "This is the fourth date offered and it will not be rescheduled again." *Id*. He reminded Plunkett that the deadline to respond to the plaintiff's June 22 settlement offer was July 6, and asked that Plunkett provide a written response that week. *See id*. A few minutes later, Plunkett emailed Osborn, stating:

> I emailed at 945 this morning. I will know better this week what my schedule is. My mother's funeral is in Wisconsin on the 17th at a family reunion and my brother[']s is the first week in August. In the interim I have to get his stuff moved and probate his estate. I will be notifying the court of this. As I said in my other emails you will get a response to your second set of interrogatories and a response to the settlement offer this week.

6

Exh. J (Docket No. 58-10) to Osborn Decl. Osborn responded that day by email, stating that, while he understood and empathized with Plunkett's difficult personal situation, his first obligation was to his client. *See* Exh. K (Docket No. 58-11) to Osborn Decl. Osborn stated that (i) the court had made it clear that the deadline for filing dispositive motions was August 2 and that it would not "look kindly" on requests to extend that deadline, (ii) July 21 was the latest point at which he could depose the defendants and still have adequate time to file a motion for summary judgment, and, (iii) accordingly, July 21 was the concrete date of the deposition of the defendants. *See id*.

By email dated July 15, 2010, Plunkett notified Osborn that he was planning, as of then, to attend the depositions on July 21. *See* Exh. L (Docket No. 58-12) to Osborn Decl. The same day, I granted the plaintiff's motion for entry of default against Plunkett & Co., stating:

> This ruling is based on the fact that Plunkett & Company was informed in accordance with the terms of my June 2, 2010, Report of Conference and Order (Docket No. 50) that its attorneys had been allowed to withdraw from representing it due to failure to pay for that representation as agreed, that the individual defendant, James Plunkett, could not represent the corporate defendant, and that it would be at risk of default if it did not obtain new counsel no later than June 14, 2010. No new counsel for Plunkett & Company has entered an appearance. Entry of default against Plunkett & Company is accordingly appropriate at this time.

Docket No. 56.

In response to an email reminder from Osborn sent on July 19, Plunkett replied that day that he would be there on July 21. *See* Exh. M (Docket No. 58-13) to Osborn Decl. However, on July 20, 2010, Plunkett emailed Osborn, stating that a family emergency had suddenly come up, that he had to go to Connecticut, and that he apologized but had to reschedule the depositions. *See* Exh. N (Docket No. 58-14) to Osborn Decl. Plunkett stated that he would be

7

out on July 28, 29, and 30, inquiring what Osborn wanted to do. *See id*. The same day, Osborn responded:

> That isn't workable. The deposition is scheduled for tomorrow after multiple reschedulings due to your issues. The deposition must take place tomorrow. The court reporter is booked. I may be able to reschedule to Thursday but only if you confirm by 4:30 p.m. today. Otherwise, it has to be tomorrow.

Exh. O (Docket No. 58-15) to Osborn Decl. A little over an hour later, Plunkett emailed Osborn: "I apologize. I am in CT picking up my bro[]ther[']s daughter. I won't be back until next [W]ednesday[.]" *Id*.

The plaintiff then, on July 23, 2010, filed its second, emergency motion for sanctions. *See* Second Motion. In his declaration in support of that motion, Osborn stated that the defendants had never contacted the court regarding their alleged circumstances or supplied answers to the plaintiff's interrogatories or a response to its written settlement demand. *See* Osborn Decl. ¶¶ 14-16.

On July 27, 2010, Plunkett, acting *pro se*, filed a motion to dismiss the plaintiff's claims and for sanctions against the plaintiff. *See* Docket No. 59. On July 29, 2010, the plaintiff filed a consented-to motion to amend the court's scheduling order to extend the deadline for the filing of dispositive motions, and subsequent deadlines, given the pendency of its two motions for sanctions, its expected filing of a motion for default judgment against Plunkett & Co., and the asserted severe prejudice it faced if required to file dispositive motions absent significant discovery from the defendants. *See* Docket No. 60. The following day, I granted the motion, staying the August 2, 2010, deadline for the filing of dispositive motions pending resolution of the plaintiff's motions for sanctions, but altering no other scheduling order deadlines pending that resolution. *See* Docket No. 61. On August 2, 2010, the plaintiff filed a motion for default judgment against Plunkett & Co. *See* Docket No. 62. Plunkett & Co. filed no response, and that

8

motion recently was referred to me. *See* ECF Docket. On September 16, 2010, the court denied Plunkett's motion to dismiss and for sanctions. *See* Docket No. 66.

### III. Discussion

In its initial motion for sanctions, the plaintiff, on the basis of the defendants' failure to tender written discovery responses by June 25, 2010, in contravention of my order of June 2, 2010, sought an award of its attorney fees incurred in preparing that motion *and* (i) a default judgment against the defendants on all counts of the plaintiff's complaint and all of the defendants' counterclaim, *or* (ii) barring that, dismissal with prejudice of the defendants' counterclaim and, with respect to the plaintiff's claims, a ruling that the defendants be deemed to have admitted all statements requested to be admitted in the Plaintiff's First Request for Admission and be prohibited from introducing any evidence, not already produced, in defense against the plaintiff's claims, *or* (iii) barring that, a ruling that the defendants be deemed to have admitted statements requested to be admitted in the Plaintiff's First Request for Admission and be prohibited from introducing any evidence, not already produced, in defense against the plaintiff's claims or in support of their counterclaim. *See* First Motion at 1, 4-5.

In its emergency motion for sanctions, the plaintiff sought, on the basis of the defendants' asserted willful failure to make themselves available for depositions or otherwise engage in any discovery in the instant action, an award of its attorney fees incurred in preparing that motion *and* (i) a default judgment against the defendants on all counts of the plaintiff's complaint and all of the defendants' counterclaim, *or* (ii) barring that, dismissal with prejudice of the defendants' counterclaim and, with respect to the plaintiff's claims, an order that the defendants present themselves for deposition no later than August 13, 2010, the discovery deadline be extended, for the sole purpose of deposing the defendants, to August 13, 2010, the deadline for filing

9

dispositive motions be extended to August 23, 2010, and all following deadlines be extended by 21 days, *or* (iii) barring that, a ruling that the defendants be deemed to have admitted statements requested to be admitted in the Plaintiff's First Request for Admission and be prohibited from introducing any evidence, not already produced, in defense against the plaintiff's claims. *See* Second Motion at 1, 7-8.

I have considered, as a threshold matter, whether the plaintiff was required by Federal Rule of Civil Procedure 37 to file a certification that it had in good faith conferred or attempted to confer with the defendants prior to seeking court action. I conclude that there was no such requirement. Applicable portions of the rule, pertaining to failure to obey court orders and to attend one's own deposition, do not explicitly require such certification. *See* Fed. R. Civ. P. 37(b) & (d). In any event, even assuming *arguendo* that such a certification is required, Osborn's declarations and attachments, evidencing his numerous communications with Plunkett in an effort to resolve these problems amicably, effectively serve as such a certification.

I have also considered whether, pursuant to Local Rule 26(b), the plaintiff was required to seek the approval of a judicial officer to file the instant motions and/or to request a prompt hearing with a judicial officer after having made a good-faith, private effort to resolve the parties' disputes. *See* Loc. R. 26(b). Given both the seriousness of the described conduct, including violation of a court order, and of the requested relief, the instant motion raises questions larger than a "discovery dispute" merely implicating the requirements of Local Rule 26(b). Even had the instant motions not been brought, this court possesses inherent authority "to punish laggardly or noncompliant litigants[,]" an authority that extends to dismissal of cases for disregard of judicial orders. *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002).

In any event, to the extent that the approval of a judicial officer is required for the filings, I confer it *nunc pro tunc* to the date of those filings.

I turn to the merits of the motions. With respect to defendant Plunkett & Co., I **DENY** the motions for sanctions, concluding that they miss the mark. All of the intransigent conduct of which the plaintiff complains transpired after June 2, 2010, when Plunkett & Co. was unrepresented by counsel and, hence, disabled from participating in this litigation. *See United States v. J.K. Wright, Inc.*, Civil No. 07-116-B-W, 2007 WL 4608724, at *1 (D. Me. Dec. 28, 2007) ("[C]orporations cannot enter *pro se* appearances and cannot be represented by individuals not licensed as an attorney."). Some of the complained-of conduct also transpired after July 15, 2010, when a default was entered against Plunkett & Co. That entity's key transgression was its failure to obtain counsel, as it was ordered to do by June 14, 2010, at the risk of the entry of a default against it. *See* June 2 Order. That conduct appropriately is addressed through the plaintiff's pending motion for a default judgment against Plunkett & Co., recently placed under advisement.

With respect to defendant Plunkett, the catalogued defaults are serious indeed. While Plunkett, acting *pro se*, was able to file a motion to dismiss and for sanctions, he has utterly failed to engage in the discovery process since June 2, 2010, having from all that appears provided no responses whatsoever to pending interrogatories, document requests, and requests for admissions, despite having been ordered by the court to do so, having offered no response to the plaintiff's settlement offer, as required by the court's scheduling order, and having failed to appear for deposition despite the plaintiff's reasonable and repeated efforts to accommodate his claimed family emergencies. He has at no time, to date, filed any motion for extension or continuance or otherwise sought the court's indulgence on account of his claimed difficulties.

11

"It is axiomatic that a party may not ignore a district court order with impunity." *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 109 (1st Cir. 1998).

Nonetheless, because Plunkett is appearing *pro se*, has not heretofore been warned by the court that this kind of conduct could result in a default judgment against him, and, based on representations made to Osborn, may have possessed a legitimate excuse for at least some of his defaults, I **DENY**, without prejudice, the plaintiff's bid for the extreme sanction of entry of default judgment against Plunkett with respect to either the plaintiff's claims or Plunkett's own counterclaim. *See John's Insulation*, 156 F.3d at 110 ("The law is well established in this circuit that where a non-compliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal.") (citation and internal punctuation omitted). I further **DENY**, at this time, the plaintiff's request to bar Plunkett from introducing any evidence, not already produced, in defense of the plaintiff's claims or in support of his own counterclaim. That denial is without prejudice to the renewal of that request at such time, if any, as Plunkett attempts to introduce such evidence. I finally **GRANT** in part the motions for sanctions, as against defendant Plunkett, as follows:

1. Defendant Plunkett is ordered to pay to the plaintiff a sum representing the reasonable attorney fees incurred in preparing the two motions for sanctions, to the extent allocable to Plunkett rather than Plunkett & Co., Plunkett having made no showing that the discovery failures identified in the motions were substantially justified or that other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C) & (d)(3).

2. Defendant Plunkett is deemed to have admitted all statements that he was requested to admit in the Plaintiff's First Request for Admission. *See* Fed. R. Civ. P. 36(a)(3).

3. Defendant Plunkett is ordered to appear for deposition no later than October 15, 2010, failing which he is hereby placed on notice that he risks, as a sanction for non-compliance with this order and previous court orders, the entry of default judgment against him on both the plaintiff's claims and his counterclaim. Whatever the nature of Plunkett's personal difficulties may have been, he has flouted several court orders, delaying the orderly adjudication of this case and working a severe prejudice to the plaintiff's capacity to continue pressing its claims or defending against Plunkett's counterclaim. Upon further disregard of this court's orders, severe sanctions would be warranted.

4. The discovery deadline in this case is extended to October 15, 2010, for the sole purpose of the taking of the deposition of defendant Plunkett, and the deadline for the filing of dispositive and *Daubert*/*Kumho* motions is extended to October 25, 2010. The case shall be ready for trial by November 29, 2010.

**SO ORDERED**.

### NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge