# UNITED STATES DISTRICT COURT
## District of Maine

| | |
|---|---|
| NATIONWIDE PAYMENT SOLUTIONS, LLC, | ) ) ) |
| Plaintiff | ) ) No. 2:09-cv-600-GZS |
| v. | ) ) |
| JAMES PLUNKETT, et al., | ) ) |
| Defendants | ) |

## ORDER AFFIRMING THE
## RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed with the Court on January 31, 2011, his Recommended Decision (Docket No. 90). Defendants and Counterclaimants filed their Objection to the Recommended Decision (Docket No. 92) on February 17, 2011. Plaintiff filed its Response to Defendants and Counterclaimants' Objection to the Recommended Decision (Docket No. 99) on March 10, 2011.

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **AFFIRMED**.

2. It is hereby **ORDERED** that the Motion to Extend (Docket No. 92) filed by Defendants and Counterclaimants (Docket No. 92) is hereby **DENIED**.

3. It is hereby **ORDERED** that Plaintiff's Motion for Default Judgment (Docket No. 62) is **GRANTED**.

4. It is hereby **ORDERED** that judgment is entered in favor of Plaintiff Nationwide and against Defendant Plunkett & Co. on Counts I, III, IV, V, and VIII of the Complaint and Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII and XIV of the Counterclaim.

5. It is hereby **ORDERED** that Plaintiff Nationwide is awarded damages for breach of contract in the sum of $24,574.71, plus a sum equaling 30 percent of the net profit earned by PowerPay from contracts with third parties for the provision of electronic government payment processing services, which contracts are credited to sales agents Dennis Cashion or Lee Hall and which amounts otherwise have been or would be paid by PowerPay to Defendant Plunkett & Co. for the period from April 8, 2009 through April 8, 2012.

6. It is hereby **ORDERED** that Plaintiff Nationwide is awarded damages for Lanham Act violations in the sum equaling three times the following amount: 60 percent of the net profits earned by PowerPay pursuant to the Portland/South Portland Contract, which amount otherwise has been or would be paid by PowerPay to Defendant Plunkett & Co. for the period from August 2010 through August 2015;

7. It is hereby **ORDERED** that Plaintiff Nationwide is costs of this action and its reasonable attorney fees incurred in connection therewith. Plaintiff Nationwide shall submit a claim for attorney fees in accordance with Local Rule 54.2 and a bill of costs in accordance with Location Rule 54.3.

8. It is hereby **ORDERED** that Defendant Plunkett & Co. is enjoined from directly or indirectly soliciting or contracting with any customer, sales agent, or affiliate of Nationwide for a period of three (3) years from April 8, 2009.

9. It is hereby **ORDERED** that Defendant Plunkett & Co. shall return to Plaintiff Nationwide all of its sales manuals, price lists, customer lists, and other property.

10. It is hereby **ORDERED** that Defendant Plunkett & Co. shall disgorge all revenues received from PowerPay from April 8, 2009 through April 8, 2012, resulting from PowerPay's revenues from its contracts with third parties for the provision of electronic government payment processing services, which contracts are credited to sale agents Dennis Cashion or Lee Hall.

11. It is hereby **ORDERED** that Defendant Plunkett & Co., its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and

assigns, and all those in concert or participation with any of them, are enjoined, on a nationwide basis, from:

a. Imitating, copying, using, reproducing, registering, attempting to register, and/or displaying Nationwide's MUNICIPAY mark or any mark or

   designation that colorably imitates or is confusing similar to said mark and designation; or

b. Using any other false description or representation or any other thing calculated or likely to cause confusion, deception, or mistake in the marketplace with regard go to the MUNICIPAY mark;

12. It is hereby **ORDERED** that Defendant Plunkett & Co. shall withdraw or voluntarily cancel its registration of the MUNICIPAY mark (No. 77633879) with the USPTO.

13. It is hereby **ORDERED** that Defendant Plunkett & Co. shall deliver up for destruction all materials and matter in its possession, custody, or control that infringe or unfairly compete with the **MUNICIPAY** mark, including, without limitation, all advertising and promotional materials.

14. It is hereby **ORDERED** that Defendant Plunkett & Co. shall disgorge all revenues received from PowerPay from August 2010 through August 2015 resulting from PowerPay's revenues from the Portland/South Portland Contract for the provision of electronic payment and processing services; and

15. It is hereby **ORDERED** that Defendant Plunkett & Co. shall file with the Court and serve upon counsel for Plaintiff Nationwide within 30 days after the entry of a final order on the instant default judgment application, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the affirmative injunctive relief ordered.


/s/George Z. Singal_____
U.S. District Judge

Dated this 16th day of March, 2011.