UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONWIDE PAYMENT SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:09-cv-600-GZS |
| JAMES PLUNKETT, et al., | ) ) | |
| Defendants | ) | |

## MEMORANDUM DECISION AND ORDER ON MOTION FOR IN CAMERA REVIEW

On May 6, 2011, plaintiff Nationwide Payment Solutions, LLC ("Nationwide") filed an application pursuant to Local Rule 54.2 for attorney fees, supported by two affidavits of attorney Theodore Small and redacted copies of its attorneys' billing invoices. *See* Docket Nos. 111, 111-1, 112, 112-1. I entered an order denying the application without prejudice, observing that the substantial redactions of the billing invoices impeded meaningful judicial review of the reasonableness of the fee request. *See* Docket No. 116. I stated: "Should the plaintiff wish to file a motion for *in camera* review of its billing invoices, it may do so by no later than August 5, 2011." *Id*. The plaintiff then filed the instant motion for *in camera* review of those invoices, *see* Motion for *In Camera* Review of Bernstein Shur Invoices ("Motion") (Docket No. 117), which defendant James Plunkett, proceeding *pro se*, opposed, *see* Objection to Plaintiff[']s Motion for In Camera Review and Motion To Uphold the Court[']s Denial of Nationwide[']s Request for Attorneys Fees ("Objection") (Docket No. 120). I acknowledge that my invitation to the plaintiff to file a motion for *in camera* review suggested that I might be inclined to grant such a motion. However, the authorities cited by Plunkett, as well as my own research, persuade me to deny the motion.

1

The plaintiff explained that it redacted its attorneys' invoices "in order to preserve any attorney/client and/or attorney work product privilege that may attach to" those invoices. Motion ¶ 1. It offered to submit a copy of an unredacted version of those invoices to the court for *in camera* review, *see id*. ¶ 3, requesting that, if the motion for *in camera* review were denied, it be permitted 10 days from the date of any such denial to determine whether it wished to file an unredacted version of its attorney fee records in a conventional manner, *see id*. ¶ 5.

Plunkett correctly notes that *in camera* review is generally disfavored, *see* Objection at [1]; *PHE, Inc. v. Department of Justice*, 983 F.2d 248, 252-53 (D.C. Cir. 1993), and that, in order to warrant such review with respect to the validity of the assertion of a privilege or protection, there must be a sufficient evidentiary showing to create a legitimate issue as to the application of the privilege or protection asserted, *see* Objection at [2]; *United States v. Zolin*, 491 U.S. 554, 572 (1989); *Diamond State Ins. Co. v. Rebel Oil Co*., 157 F.R.D. 691, 700 & n.3 (D. Nev. 1994). The plaintiff makes no evidentiary showing justifying *in camera* review as to the propriety of its assertions of attorney-client privilege or work-product protection. *See generally* Motion.

In any event, no useful purpose would be served in consuming the court's time adjudicating, on a line-by-line basis, the legitimacy of the plaintiff's claims of privilege and/or protection. My research indicates, and better-reasoned caselaw holds, that to the extent that a fee-invoice claimant wishes a court to review an unredacted version of its attorneys' billing invoices for the purpose of judging the reasonableness of its fee request, it must, as a matter of fundamental fairness, permit its opponent to review the unredacted version and be heard as to the reasonableness of the fee request with the benefit of that full and unfettered review. *See, e.g.*, *Equitable Prod. Co. v. Elk Run Coal Co.*, No. 2:08-cv-00076, 2008 WL 5263735, at *6 (S.D. W. Va. Oct. 3, 2008) ("Simply put, a party may not attempt to recover damages for a particular type

of loss and then refuse to produce the evidence of that alleged loss for thorough examination and testing by the opposing party."); *Wasniewski v. Grzelak-Johannsen*, 549 F. Supp.2d 965, 975 (N.D. Ohio 2008) ("The alternative of *in camera* review of an unredacted [attorney billing] statement is . . . unattractive because it interjects an element of *ex parte* review in this matter and deprives respondent of an opportunity to raise arguments."); *Essex Builders Grp., Inc. v. Amerisure Ins. Co*., No. 6:04-cv-1838-Orl-22JGG, 2007 WL 700851, at *2 (M.D. Fla. Mar. 1, 2007) (denying fee claimant's motion to file documents under seal for *in camera* review; stating, "The Court finds that it would be manifestly unfair to Amerisure to require it to defend against the sizeable fee award claimed by Essex without the benefit of the full record upon which the fees are based.").

Put differently, a claimant who seeks attorney fees and submits attorney fee invoices in support of that request can be said to have impliedly waived any applicable privilege or protection, at least as to its opponent and as to the invoices themselves. *See, e.g., Hornbeck Offshore Servs., L.L.C. v. Salazar,* Civil Action No. 10-1663, 2011 WL 2214765, at *20 (E.D. La. June 1, 2011) (rec. dec., *aff'd* June 23, 2011); *Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C*., Civil No. 4:09-mc-365, 2010 WL 56045, at *5-*7 (S.D. Tex. Jan. 6, 2010); *Aecon Buildings, Inc. v. Zurich N. Am*., No. C07-832MJP, 2008 WL 2434205, at *1-*2 (W.D. Wash. June 13, 2008).[1]

Alternatively, should a claimant wish to preserve any applicable privilege or protection attaching to its invoices, it may rest on its redacted version of such invoices and choose to take

---

[1] There is precedent for confining any such implied waiver to the fee invoices themselves, eschewing any finding of a broader waiver as to the underlying subject matter. *See, e.g., Aecon*, 2008 WL 2434205, at *2 n.1 (fee claimant put only its attorneys' billing invoices at issue, not other attorney-client communications); *Educational Credit Mgmt. Corp. v. Central Equip. Co*., 477 F. Supp.2d 788, 794 (E.D. Ky. 2007) (directing defendant to maintain the confidentiality of fee statements and not disclose them for any purpose other than as necessary in the litigation at issue).

the risk that the court will decline to award the full requested amount on the basis of its partial failure to meet its burden of justifying its fee request. *See, e.g., 2002 Irrevocable Trust for Richard C. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd*, No. 2:08-cv-556-FtM-36DNF, 2011 WL 4112776, at *-7-*8 (M.D. Fla. Sept. 15, 2011) (applying 20 percent across-the-board reduction in fee request in view of redaction of attorney time entries and block billing); *EEOC v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2011 WL 3359622, at *8 (E.D. Mich. Aug. 4, 2011) (applying 10 percent across-the-board reduction in fee request in view of redaction of attorney time entries and block billing); *Pizzo v. Gambee*, Civil Action No. 09-10526-NMG, __ F. Supp.2d __, 2011 WL 2516044, at *2-*3 (D. Mass. June 20, 2011) (awarding $45,000, rather than requested $68,038, pursuant to Massachusetts test of reasonableness of attorney fee requests set forth in *Linthicum v. Archambault*, 398 N.E.2d 482 (1979), taking into account extensive redactions of attorney fee invoices); *Tomlinson v. Combined Underwriters Life Ins. Co*., No. 08-CV-259-TCK-FHM, 2009 WL 2392950, at *1-*2 (N.D. Okla. July 29, 2009) ("Since the redacted billing statements do not provide sufficient support for the fee request, the fee request may be denied to the extent that it relies upon the redacted billing entries. . . . AMR is not *required* to produce any additional information in support of its attorney fee request. AMR is, however, advised that the billing statement submitted in support of its motion for attorney fees are insufficient to support its request for an award of fees.") (emphasis in original).

  With these precepts in mind, the motion for *in camera* review is denied, and the plaintiff's request to be afforded 10 days within which to consider its options is granted. The plaintiff shall file on ECF, within 10 days of the date hereof, either (i) an unredacted copy of its attorney invoices or (ii) a notice that it chooses to stand on its redacted invoices. Should the plaintiff choose the former option:

1.	The plaintiff shall be deemed to have waived any applicable privilege or protection only as to Plunkett and only as to the invoices themselves, not as to their underlying subject matter.

2.	The plaintiff may file said invoices under seal on ECF, so long as they are made available to Plunkett. Plunkett shall maintain the confidentiality of said invoices and not disclose them for any purpose other than as necessary in this litigation.

3.	Plunkett shall have 10 days from the filing of the unredacted version of the plaintiff's attorney fee invoices to submit any objections to the reasonableness of the plaintiff's fee request.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of October, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge